UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA BOOLE,

       Plaintiff,

v.                                    Case No: 2:17-cv-302-FtM-99MRM

BOB EVANS FARMS, LLC,

       Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on review of Defendant's Notice of Removal (Doc. 1) filed on June 2, 2017. Subject-matter jurisdiction is premised on the presence of a diversity of citizenship between the parties. (*Id.* at ¶ 1).

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A defendant may remove a civil case from state court provided the case could have been brought in federal court. See 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The defendant seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. *See Moreland v. SunTrust Bank*, No. 2:13-cv-242, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003)). Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

With regard to citizenship, Defendant does not identify the citizenship of the individual members of the limited liability company, and a limited liability company is a citizen of any state of which a member is a citizen. *See Thermoset Corp. v. Building Materials Corp. of America*, --- F.3d ---, 2017 WL 816224, *2 (11th Cir. Mar. 2, 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) (noting that the pleadings are required to provide the citizenship of each LLC member to invoke the District Court's diversity jurisdiction)). Each member of the LLC must be diverse from the plaintiff. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, Defendant alleges that Bob Evans Farms, LLC is an Ohio corporation with its principal place of business in Ohio, but fails to allege where its members are domiciled. (Doc. 1, ¶ 2). Therefore, the Court cannot determine the citizenship of Defendant, or that diversity of jurisdiction is present.

The Court further notes an additional issue with the Notice of Removal, wherein it states, "upon information and belief, Plaintiff is a resident of Naples, Florida." (Doc. 1, ¶ 1).  However, domicile is required, not residency.  An individual is a citizen where he is domiciled, not necessarily where he is a resident.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").  Domicile is the place of an individual's true, fixed, and permanent home and to which he intends to return whenever he is absent therefrom.  *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted).  A domicile is not synonymous with a residence, and it is possible for someone to reside in one place but be domiciled in another.  *See id.*

Defendant will be afforded an opportunity to supplement its Notice of Removal, as directed by 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Defendant shall supplement the Notice of Removal in accordance with the above on or before **June 12, 2017**, or otherwise **show cause** by this date why this case should not be remanded for failure to establish subject-matter jurisdiction based on the presence of diversity jurisdiction at the time of removal.  **Failure to comply with this Order will result in this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of June, 2017.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record