UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA BOOLE,

       Plaintiff,

v.                                                          Case No:  2:17-cv-302-FtM-38MRM

BOB EVANS FARMS, LLC,

       Defendant.
_____/

### **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Patricia Boole's Motion for Remand (Doc. 14) and Defendant Bob Evans Farms, LLC's response in opposition (Doc. 15).  For the following reasons, the Court grants the motion.

### **BACKGROUND**

Boole tore her hamstring after falling at a Bob Evans restaurant.  (Doc. 14 at ¶ 1; Doc. 14-1).  This slip and fall case ensued in the Twentieth Judicial Circuit in and for Collier County, Florida.  (Doc. 2).  But before filing suit, Boole demanded $150,000 from Bob Evans.  (Doc. 14-1 at 5).  The company countered with $7,500, which Boole rejected and countered with $75,000.  (*Id.* at 3).  Bob Evans then made its final offer of $12,500.  (*Id.* at 4).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

After their settlement exchanges failed, Boole sued Bob Evans in state court. (Doc. 2). The company timely removed the case to this Court, citing diversity jurisdiction as the basis for removal. (Doc. 1). Boole now moves to remand the case because Bob Evans has not established the Court's subject matter jurisdiction. (Doc. 14 at 2).

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts, therefore, remand to state court any case that was "without the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (internal quotations omitted). The party seeking removal must meet the burden of satisfying the jurisdictional requirements for removal. See *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The removal statutes permit a defendant to move a case from state court to federal court provided the case could have brought in federal court. See 28 U.S.C. § 1441 (governing removal), 28 U.S.C. § 1446 (establishing the procedure for accomplishing removal). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, the parties square off over the amount in controversy.

Removal is proper if the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If the amount in controversy is not apparent from the complaint, courts "look to the notice of removal."

*Williams*, 269 F. 3d at 1319.  This means the defendant must show that the amount in controversy exceeds $75,000 at the time of removal.  See *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000); *Lake Cnty. v. NRG/Recovery Group, Inc.*, 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001).

With these principles in mind, the Court will address whether it has diversity jurisdiction.

**DISCUSSION**

The Complaint demands damages "in excess of $15,000.00" because she "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of list, expense of hospitalization, medical and nursing care treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition."  (Doc. 2 at ¶¶ 1, 13).  Because Boole does not plead a specific amount of damages for her boilerplate injuries, Bob Evans must prove damages exceeds $75,000.  It falls short of this task.

The Notice of Removal states, "Plaintiff anticipates damages requested and awarded" to exceed $75,000.  (Doc. 1 at ¶ 3).  This statement appears to be based on Boole's original demand of $150,000.  But since then – and before removal – she demanded $75,000.  (Doc. 14-1 at 3).  Her last demand aligns closer with her $10.00 in unpaid medical expenses, $768.98 in an AARP healthcare lien (before reductions), and $1,600 in loss wages for four weeks of missed work.  (Doc. 14 at 1; Doc. 14-1).  The crux of Boole's damages appears to be pain and suffering, and Bob Evans has not provided anything to show that the amount in controversy prong is satisfied.

3

What is more, Bob Evans allegedly agreed to remand this case provided Boole limited her damages to $75,000. (Doc. 15 at 2). Boole refused. (*Id.*). And Bob Evans states her refusal establishes a legal controversy in excess of $75,000. (*Id.*). On this point, the Court finds *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) to be illustrative.

In *Burns*, the district court required the plaintiff to file a statement that she would not attempt to collect greater than the jurisdictional amount before remanding the case. *Burns*, 31 F.3d at 1094. When the plaintiff refused, the court denied her motion to remand. *Id.* The Eleventh Circuit reversed. It found that the defendant, who argued that the Complaint's demand was in bad faith, had to "prove to a legal certainty that plaintiff's claim must exceed" the jurisdictional minimum. *Id.* at 1096. From there, the court concluded that the defendant "offered nothing more than conclusory allegations that predict[ed] that plaintiff intend[ed] to wait a year from her filing date and then boost her damage request" to be insufficient to allow removal, especially where the plaintiff offered to settle for less than the jurisdictional minimum. *Id.* at 1097.

Bob Evans faces a similar fate as the defendant in *Burns*. Boole's last demand was $75,000, which does not meet the jurisdictional amount. Bob Evans' anticipation on Boole's "damages requested and awarded" does not indicate that this case is worth more than $75,000. (Doc. 1 at ¶ 1). And Boole's refusal to cap her damages does not remove doubt that the amount in controversy is satisfied. Despite Bob Evans's statutory right to remove, Boole "is still the master of h[er] own claim," and the company's "right to remove and [Boole's] right to choose his forum are not on equal footing." *Burns*, 31 F.3d at 1095. The Eleventh Circuit has explained, "unlike the rules applied when plaintiff has filed suit

in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* Because there is doubt as to the presence of subject matter jurisdiction, the Court resolves this issue in favor of remand.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Patricia Boole's Motion for Remand (Doc. 14) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

(3) The Clerk of Court is **DIRECTED** to terminate pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of July 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record